UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re: Cynthia D. Cotton       :
                               :
                               :   Case No. 07-22153DK
                               :   Chapter 13
              Debtor           :
                               :

CHAPTER 13 PLAN
_____

  X  Original Plan       __ Amended Plan       __ Modified Plan

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and the Debtor will pay as follows (select only one):

   a.   $ __$425.00__ per month for a term of __60__ months.  OR

   b.   $ _____ per month for _____ month(s),
        $ _____ per month for _____ month(s),
        $ _____ per month for _____ month(s), for a total term of _____ months.
        OR

   c.   $ _____ per month prior to confirmation of this plan, and $ _____ per month after confirmation of this plan, for a total term of _____ months (if this option is selected, complete 2.e.i).

2. From the payments received, the Trustee will make the disbursements described below:
   a. Allowed unsecured claims for domestic support obligations and Trustee's commissions.
   b. Administrative claims under 11 U.S.C. § 507(a)(2), including attorney's fee balance of $ __2,915.00*__ (unless allowed for a different amount upon prior or subsequent objection).  (*To be paid $1,420.00 as a priority claim and $125.00 per month for months 5-17 of the plan.)

   c. Claims payable under 11 U.S.C. § 1326(b)(3).  Specify the monthly payment:  $ ____0____.
   d. Other priority claims defined by 11 U.S.C. § 507(a)(3) – (10).  The Debtor anticipates the following claims:

      Claim of IRS for Income Taxes of $6,503.05.

- 1 -

    e.    Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

        i.    Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
| | | |

        ii.    Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of the monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| Indymac Bank | $4,500.00 | $105.32 | 5-17 |
| | | $156.44 | 18-39 |

        iii.    The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan: None.

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos |
|---|---|---|---|---|
| | | | | |

  iv. The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors: None.

  v. The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor: None.

  vi. If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside of the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

  vii. In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

 f. After payment of priority and secured claims, the balance of funds will be paid 100% on allowed general, unsecured claims. (If there is more than one class of unsecured claims, describe each class.

3. The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order. The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.): None.

4. Secured creditors will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

5. The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated: None.

6. Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328, or upon dismissal of the case, or upon closing of the case.

7. Non-standard provisions:

Date:  12/19/07               /S/ Cynthia D. Cotton
                      Debtor

 /S/ James R. Logan
Attorney for Debtor              Joint Debtor

In the United States Bankruptcy Court
For the District of Maryland

In Re: Cynthia D. Cotton  　　　　　　　　　　Case No. 07-22153DK
　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　Debtor(s)

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## CERTIFICATE OF SERVICE

　　　I HEREBY CERTIFY that a copy of the attached CHAPTER 13 PLAN was sent electronically via ECF and/or first class mail, postage pre-paid to the below listed parties the 19th day of December, 2007.

　　　　　　　　　　　　　　　　　　　　　　　____/S/ James R. Logan_____
　　　　　　　　　　　　　　　　　　　　　　　James R. Logan
　　　　　　　　　　　　　　　　　　　　　　　Attorney for the Debtor
　　　　　　　　　　　　　　　　　　　　　　　2539 N. Charles Street
　　　　　　　　　　　　　　　　　　　　　　　Baltimore, MD 21218
　　　　　　　　　　　　　　　　　　　　　　　(410) 243-1508

```
Gerard R. Vetter, Trustee
7310 Ritchie Hwy, #715
Glen Burnie, MD 21061
```

```
Amer Col Ent
6094d Franconia Rd
Alexandria, VA   22310


American Collections E
6094 Franconia Rd Ste D
Alexandria, VA   22310


Diversified
P O Box 551268
Jacksonville, FL   32255


Equidata
724 Thimble Shoals Blvd
Newport News, VA   23606


Indymac Bank
1 National City Pkwy
Kalamazoo, MI   49009


IRS Special Procedures
31 Hopkins Plaza #1150
Baltimore, MD   21201


Mercy Medical Center
C/O Neil Bloom
1220A E. Joppa Rd #223
Baltimore, MD   21286


Sec Check
2612 C Jackson Ave
Oxford, MS   38655
```

```
UMMS
C/O Neil Bloom
1220A E Joppa Rd #223
Baltimore, MD   21286
```