**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**

In Re:   Cynthia D. Cotton                        *

                                                 *   Case No.   07-22153DK
                                                 *   Chapter    13
                                                 *
             Debtor                              *

## CHAPTER 13 PLAN

__    **Original Plan**      _X_   **Amended Plan**      __   **Modified Plan**

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows (select only one):

   a.  $_____ per month for a term of _____ months.  OR

   b.  $__425.00__ per month for ____2____ month(s),
       $__565.00__ per month for ____58___ month(s),
       $_____ per month for _____ month(s), for a
       total term of ___60___ months.  OR

   c.  $_____ per month prior to confirmation of this plan, and
       $_____ per month after confirmation of this plan, for a total term of
       _____ months (if this option is selected, complete 2.e.i).

2. From the payments received, the Trustee will make the disbursements in the order described below:

   a.  Allowed unsecured claims for domestic support obligations and trustee commissions.

   b.  Administrative claims under 11 U.S.C. §507(a)(2), including attorney's fee balance of $_ 2,915.00*__ (unless allowed for a different amount by an order of court). (*To be paid $1,420.00 as a priority claim and $125.00 per month for months 4-16 of the plan.)

   c.  Claims payable under 11 U.S.C. § 1326(b)(3). Specify the monthly payment: $ _____.

   d.  Other priority claims defined by 11 U.S.C. §507(a)(3)-(10). The Debtor anticipates the following priority claims:

       Claim of IRS for Income Taxes of $6,503.05
       Claim of MD Comptroller for Income Taxes of $1,650.00.

e. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

    I. Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii and 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
| | | |

    ii. Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of the monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| IndyMac Bank | $5,196.14 | $130.03 | 4-16 |
| | | $172.41 | 16-37 |

    iii. The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos.: |
|---|---|---|---|---|
| Baltimore County | $1,387.18 | 12% | $46.34 | 4-16 |
| | | | $61.44 | 16-37 |
| Balt. City Water Bill | $81.54 | 18% | $3.11 | 4-16 |
| | | | $4.12 | 16-37 |

    iv. The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

    v. The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

    vi. If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

    vii. In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay

        secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

    f.    After payment of priority and secured claims, the balance of funds will be paid 100% on allowed general, unsecured claims.  (If there is more than one class of unsecured claims, describe each class.)

3.    The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):

4.    Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case.  For the purposes of the imposition of default interest and post- petition charges, the loan shall be deemed current as of the filing of this case.

5.    Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6.    The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

7.    Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. §1328, or upon dismissal of the case, or upon closing of the case.

8.    Non-standard Provisions:


___2/7/08____                            __/S/ Cynthia D. Cotton_____ _____
Date                                       Debtor


__/S/ James R. Logan_____               _____
Attorney for Debtor                             Joint Debtor

In the United States Bankruptcy Court
For the District of Maryland

In Re: Cynthia D. Cotton                                  Case No. 07-22153DK
                                                          Chapter 13
    Debtor(s)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the attached AMENDED CHAPTER 13 PLAN was sent electronically via ECF and/or first class mail, postage pre-paid to the below listed parties the 7th day of February, 2008.

                                                  /S/ James R. Logan
                                        James R. Logan
                                        Attorney for the Debtor
                                        2539 N. Charles Street
                                        Baltimore, MD 21218
                                        (410) 243-1508

```
Gerard R. Vetter, Trustee
7310 Ritchie Hwy, #715
Glen Burnie, MD 21061
```

```
Amer Col Ent
6094d Franconia Rd
Alexandria, VA   22310


American Collections E
6094 Franconia Rd Ste D
Alexandria, VA   22310


Baltimore City Metered Water
200 Holliday St.
Baltimore, MD   21202


Baltimore County Property Taxes
P.O. Box 64281
Baltimore, MD   21264-4281


Baltimore County States Attorney
Bad Check Restitution Program
P.O. Box 10653
Baltimore, MD   21285


BGE
P.O. Box 1475
Baltimore, MD   21203-1475


Comcast
8031 Corporate Drive
Whie Marsh, MD   21236-4977


Comptroller Of MD
Compliance Division
301 W. Preston St #409
Baltimore, MD   21201
```

```
Diversified
P O Box 551268
Jacksonville, FL   32255


Equidata
724 Thimble Shoals Blvd
Newport News, VA   23606


Indymac Bank
1 National City Pkwy
Kalamazoo, MI   49009


IRS Special Procedures
31 Hopkins Plaza #1150
Baltimore, MD   21201


Mercy Medical Center
C/O Neil Bloom
1220A E. Joppa Rd #223
Baltimore, MD   21286


Sec Check
2612 C Jackson Ave
Oxford, MS   38655


UMMS
C/O Neil Bloom
1220A E Joppa Rd #223
Baltimore, MD   21286
```