FILED

2008 MAY 14 A 10: 52

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

United States Bankruptcy Court

_Cynthia Cotton_
Debtor

07-22153-DK
Case #

### to the Honorable judge

I Cynthia Cotton agree with the terms to the entry of the trustee's order. Mr. Gerard R. Vetter that the mortgage loan and all my creditors to be paid, all in full. And my trustee Mr. Gerard Vetter fees to be paid all in full, at the settlement of the sales of my house. And that the settlement agent forwards a copy of the HUD-1 settlement sheet to the trustee immediately upon completion of the transaction. I do agree with my trustee Mr. Gerard Vetter

Thank you

Sign: _Cynthia Cotton_

Name _Cynthia Cotton_ Case#: _07-22153-DK_

FILED

2008 MAY 14 A 10 52

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
AT BALTIMORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY That on this ___14___ day of ___May___ 200_8_, a copy of ___Agreement___ was submitted or mail 1st Class to each interested parties listed below:

US Bankruptcy Court
101 W. Lombard Street
Suite 8308
Baltimore MD 21201

Signature _Cynthia Cotton_



GPD Separator Sheet

# Folder:  J1
# File:  923







# PROOF OF CLAIM

| UNITED STATES BANKRUPTCY COURT   BALTIMORE MAIN   DISTRICT OF   MD | PROOF OF CLAIM |
|---|---|

| Name of Debtor   JANET DIANE HENDLEY | Case Number **0815307-JFS** | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>RJM ACQUISITIONS FUNDING LLC<br>Assignee of FINGERHUT | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court | **FILED**<br>MAY 1 4 2008<br>U.S. BANKRUPTCY C<br>DISTRICT OF MARY<br>BALTIMOI<br>THIS SPACE PROPE COURT USE ONLY |
| Name and address where notices should be sent<br>RJM ACQUISITIONS FUNDING LLC<br>575 Underhill Blvd.Ste 224<br>Syosset, New York 11791   1 (800) 353-2497 | | |

| Account or other number by which creditor identifies debtor:<br>18581548169 | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim dated: _____ |

| 1.   Basis for Claim<br>   ☐ Goods sold<br>   ☐ Services performed<br>      Money loaned<br>   ☐ Personal injury/wrongful death<br>   ☐ Taxes<br>   [☑] Other ---Credit Card Purchases Less Payments | ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)<br>[ ] Wages, salaries, and compensation (fill out below):<br>Your SS #: _____ _____ ___ ___ _____<br>Unpaid compensation for services performed<br>from _____   to _____<br>    (date)            (date) |

| 2.   Date debt was incurred:   to 02/15/1998 | 3.   If court judgment, dated obtained: |

**4.   Total Amount of Claim at Time Case Filed:**   $ 69.36
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5.   Secured Claim.<br>   ☐ Check this box if your claim is secured by collateral (including a right of setoff).<br>   Brief Description of Collateral<br>   ☐ Real Estate   ☐ Motor Vehicle<br>   ☐ Other _____<br>   Value of Collateral  $_____<br><br>   Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____ | 6.   Unsecured Priority Claim.<br>   ☐ Check this box if you have an unsecured priority claim<br>   Amount entitled to priority $_____<br>   Specify the priority of the claim:<br>   ☐ Wages, salaries, or commissions (up to $4,000)* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. §507(a)(3).<br>   ☐ Contributions to an employee benefit plan — 11 U.S.C. §507(a)(4)<br>   ☐ Up to $1,800* of deposits toward purchase, lease, or rental of property or services for personal, family or household use   11 U.S.C. §507(a)(6).<br>   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child — 11 U.S.C. §507(a)(7)<br>   ☐ Taxes or penalties owed to governmental units — 11 U.S.C. §507(a)(8).<br>   ☐ Other — Specify applicable paragraph of 11 U.S.C. §507(a)(____)<br>   *Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| 7.   Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8  Supporting Documents  Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>9.   Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SERVICE IS FOR COURT USE ONLY |

| Date<br>05/09/2008 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>_____<br>Loretta Zaza, Account Specialist | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §152 and 3571.

1 1 00000026 A
534817

RJM ACQUISITIONS FUNDING LLC
575 Underhill Blvd.Ste 224
Syosset, New York 11791

# RJM ACQUISITIONS FUNDING LLC
## 575 Underhill Blvd.Ste 224
## Syosset, New York 11791
## 1 (800) 353-2497 Toll Free
## Fax # (516) 714-1310

CLERK OF THE BANKRUPTCY COURT
101 WEST LOMBARD ST
, SUITE 8308
BALTIMORE, MD 21201-2606

05/09/2008

RE: JANET DIANE HENDLEY

Account Number: 18581548169
RJM File Number: 21551286
Case Number: 0815307-JFS

To Whom It May Concern:

Enclosed please find the Proof of Claim for RJM ACQUISITIONS FUNDING LLC in the amount of $69.36 against the above referenced debtor(s).

If you need any assistance, please feel free to contact me, Monday through Friday at 1 (800) 353-2497 between the hours of 8:00 AM and 5:00 PM Eastern Time.

Thank you in advance for your cooperation.

Sincerely,

Loretta Zaza

Account Specialist

**Enclosures: 18581548169**

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

# RJM ACQUISITIONS FUNDING LLC

**575 Underhill Blvd.Ste 224**
**Syosset, New York 11791**

00000026 A

05/09/2008

## STATEMENT SUMMARY

Mailing Address

JANET DIANE HENDLEY
7643 OLD BATTLE GROVE ROAD
DUNDALK, MD  21222

| | |
|---|---|
| Account No | |
| **Account # 18581548169** | |
| New Balance **$69.36** | |
| Available Credit **$0.00** | |
| Enter Amount Enclosed | |

INCLUDE YOUR ACCOUNT NUMBER ON CHECK AND MAKE PAYABLE TO:
**RJM ACQUISITIONS FUNDING LLC**

| CARDMEMBER NAME | ACCOUNT NUMBER | CREDIT LINE | AVAILABLE CREDIT | STATEMENT DATE |
|---|---|---|---|---|
| **JANET DIANE HENDLEY** | **18581548169** | | | **05/09/2008** |

| DATE | DESCRIPTION OF TRANSACTION | AMOUNT |
|---|---|---|
| | Case# 0815307-JFS | |
| | Total | $    69.36 |

STATEMENT SUMMARY



GPD Separator Sheet

# Folder:  J1
# File:  924







B 240 - Reaffirmation Agreement
(10/05)

**FILED**

**MAY 1 4 2008**

U. S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE
DROP BOX

## United States Bankruptcy Court

District of _Maryland_

In re _Teresa Stockslager,_
_____Debtor_____

Case No. _08-16019_
Chapter _7_

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☑ Part A: Disclosures, Instructions, and
  Notice to Debtor (Pages 1 - 5)
☑ Part B: Reaffirmation Agreement
☑ Part C: Certification by Debtor's
  Attorney

☑ Part D: Debtor's Statement in Support of
  Reaffirmation Agreement
☐ Part E: Motion for Court Approval
☐ Proposed Order Approving Reaffirmation
  Agreement

☑ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the
Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1.   **DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

### SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

a.   The amount of debt you have agreed to reaffirm:   $ _7,170.91_

b.   All fees and costs accrued as of the date of this
     disclosure statement, related to the amount of debt
     shown in a., above:   $_____

c.   The total amount you have agreed to reaffirm
     (Debt and fees and costs) (Add lines a. and b.):   $ _7,170.91_

*Your credit agreement may obligate you to pay additional amounts which may come
due after the date of this disclosure. Consult your credit agreement.*

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

*— And/Or ---*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$_____ @ _____%;
$_____ @ _____%;
$_____ @ _____%.

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: 05.25 %.

*— And/Or ---*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed,

P. 3

the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

  c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

  The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

  d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

<u>Item or Type of Item</u>     <u>Original Purchase Price or Original Amount of Loan</u>

*<u>Optional</u>---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**<u>Repayment Schedule:</u>**

Your first payment in the amount of $ _247.78_ is due on _5/18/08_ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

*---Or---*

Your payment schedule will be: _____ (number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ ( week, month, etc.), unless altered later by mutual agreement in writing.

*---Or---*

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

NOTE: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

P. 6

**PART B: REAFFIRMATION AGREEMENT.**

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement: Account # 255398-12

The sum of $ 7,170.91 , plus interest at the Annual Percentage Rate of 05.25 %, all of which is payable at the rate of $ 247.78 per month until fully paid, on the 18th of each month.

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

**SIGNATURE(S):**

Borrower:                                    Co-borrower, if also reaffirming these debts:

Tenesa Stockslager
(Print Name)                                 (Print Name)

Teresa Stockslager
(Signature)                                  (Signature)

Date: 5/8/08                                 Date: _____

Accepted by creditor:

Kellie Corey, Tower Federal Credit Union
(Print Name)

Kellie Corey
(Signature)

Date of creditor acceptance: 5/08/08

P. 7

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[Check each applicable box.]*

☒ I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[If applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _____

Signature of Debtor's Attorney: _N. ch DELPino_____

Date: _3/09/08_____

P. 8

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $*1000.14*, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $*752.36*, leaving $*247.78* to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____.

2. *Either:* I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

— *Or* ---

*[If the creditor is a Credit Union and the debtor is represented by an attorney]* I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: ___*Teresa Stochlage*___
       (Debtor)

_____
(Joint Debtor, if any)
Date: ___*5/8/08*___