

DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

BGW#: 51749

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
*Baltimore Division*

| | |
|---|---|
| IN RE: | Case No. 07-22153-DK |
| CYNTHIA D. COTTON | |
|    Debtor | Chapter 13 |
| _____ | |
| INDYMAC BANK, FSB | |
|    Movant | |
| vs. | |
| CYNTHIA D. COTTON | |
|    Debtor/Respondent | |

### PRELIMINARY ORDER MODIFYING THE AUTOMATIC STAY

Upon review of the Motion for Relief from Automatic Stay filed herein by Movant, the opposition thereto filed by the Debtor, and a hearing thereon, it is ORDERED that:

The Automatic Stay is hereby MODIFIED, pursuant to 11 U.S.C. § 362(d) to permit Movant, its successors or assigns to commence a foreclosure proceeding as permitted by state law and pursuant to the terms of the Deed of Trust securing the Movant, against the real property belonging to Debtor and known as 1128 Wilson Avenue, Gwynn Oak, MD 21207 ("the Property"), and to allow successful purchaser to take possession of same.

IT IS ALSO ORDERED that the above Order is stayed, provided the Debtor:

1. makes the regular monthly payment of $1,376.62 on or before August 01, 2008, and on the 1st day of each month thereafter, as they become due, pursuant to the terms of the Promissory Note secured by the Deed of Trust on the above

referenced property. This shall include the payment of all real estate taxes and hazard insurance as they become due.

2. makes a payment to Movant in the amount of $534.41 (said figure represents one-twelfth (1/12th) of Debtor's post-petition arrears, including attorney fees of $550.00 and filing costs of $150.00) on or before August 20, 2008, and continues making payments of $534.41on or before the 20th day of each month and every month thereafter, through and including July 20, 2009

IT IS FURTHER ORDERED that all payments to the Movant shall be made payable to:

**IndyMac Bank, FSB**
**6900 Beatrice Drive**
**3rd Floor**
**Kalamazoo, MI  49009**

IT IS FURTHER ORDERED that if the holder of any other Deed of Trust on the Property obtains relief from the automatic stay, then the Movant herein shall automatically be granted relief from the automatic stay.

IT IS FURTHER ORDERED that if any payment or portion of any payment required to be made hereunder is not received by Movant by the date that it is due, including any payment due on or after August 01, 2008, Debtor shall be deemed to be in default under this Order.  In such event, Movant's attorney shall file a notice with this Court stating the amount due under this Order and shall mail a copy of said notice to the Debtor and to Debtor's attorney.  If the Debtor does not (i) cure the default by paying the amount stated in the notice or (ii) file an Objection and request a hearing thereon within ten (10) days of the date of the notice, Movant shall be free to commence a foreclosure proceeding against the Property without any further proceeding in this Court; and

IT IS FURTHER ORDERED that any cure of the Notice of Default must include all amounts set forth therein, as well as any payments which have subsequently become due under the terms of this Order Modifying Automatic Stay and that are due at the time Debtor tenders funds to cure the default.

IT IS FURTHER ORDERED that acceptance of partial payment by the Movant during the cure period shall not constitute a satisfaction or waiver of the Notice of Default and the automatic stay shall terminate on the expiration of the cure period in the absence of complete cure of the default, notwithstanding partial payment.

IT IS FURTHER ORDERED that any and all communications including but, not limited to, notices required by state law, sent by Movant in connection with any and all proceedings against the property may be sent directly to the Debtor.

IT IS FURTHER ORDERED that upon the filing of the second such notice of default, if the Debtor does not file an Objection and request a hearing thereon with this court within ten

(10) days of the date of the notice, the Automatic Stay shall immediately terminate upon the expiration of the ten (10) day period and Movant shall be free to commence a foreclosure proceeding against the Property without any further proceeding in this Court. If an Objection and request a hearing thereon is filed by the Debtor within ten (10) days of the date of the notice, the automatic stay will remain in effect until the matter is decided by the Bankruptcy Court. THIS DOES NOT GRANT THE DEBTOR ANOTHER RIGHT TO CURE THE ARREARAGES.

   IT IS FURTHER ORDERED that in the event the Debtor converts this case to a case under another Chapter of the U.S. Bankruptcy Code, the automatic stay provided for by Section 362 (a) of the United States Bankruptcy Code shall be terminated as to the Debtor's interest without any further proceeding in this Court.

   IT IS FURTHER ORDERED this Agreed Order applies to any successor in interest of Movant and shall not be subject to the stay of order referenced in Federal Rule of Bankruptcy Procedure 4001 (a)(3).

cc:

Bierman, Geesing & Ward, LLC
4520 East West Highway, Suite 200
Bethesda, MD 20814

Gerard R. Vetter, Trustee
100 S. Charles Street, Suite 501, Tower II
Baltimore, MD 21201

Cynthia D. Cotton
1128 Wilson Avenue
Gwynn Oak, MD  21207

**"END OF ORDER"**

**BAE SYSTEMS**
**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

# CERTIFICATE OF SERVICE

```
District/off: 0416-1          User: jjohnson              Page 1 of 1           Date Rcvd: Aug 11, 2008
Case: 07-22153                Form ID: pdfparty           Total Served: 2

The following entities were served by first class mail on Aug 13, 2008.
db          +Cynthia D Cotton,    1128 Wilson Avenue,    Gwynn Oak, MD 21207-4714
cr          +IndyMac Bank, FSB,    c/o Bierman, Geesing & Ward, LLC,    4520 East West Highway,    Suite 200,
              Bethesda, MD 20814-3382

The following entities were served by electronic transmission.
NONE.                                                                                              TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 13, 2008**                    Signature:   *Joseph Speetjens*